UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD LEE GOOTEE,<br><br>    Plaintiff,<br><br>v.<br><br>LEXINGTON LAW FIRM,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:16-cv-03441<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RICHARD LEE GOOTEE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of LEXINGTON LAW FIRM ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 58 year old natural "person" as defined by 47 U.S.C. §153(39) of the TCPA.

5. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

6. Defendant is a privately owned law firm specializing in credit repair services. Defendant's headquarters are located at 360 North Cutler Drive, North Salt Lake, Utah.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

9. Defendant's solicitation calls towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. Approximately one year ago, Plaintiff conducted an online search looking for rent-to-own properties. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

12. Plaintiff may have inadvertently granted authorization for Defendant to contact him while conducting his investigation.

13. In approximately February 2016, Plaintiff began receiving phone calls from Defendant to his cellular phone, (317) XXX-9779. *See* Exhibit A.

14. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 9779. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including: (844) 215-1619, (844) 573-0066 and (800) 242-3670. *Id.*

16. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its solicitation of consumers in Indiana.

17. When Plaintiff answers calls from Defendant, he experiences a several second pause, lasting more than five seconds in length, before being connected to a live representative. *Id.*

18. Upon speaking with Defendant, it attempted to solicit Plaintiff into using its credit repair services. *Id.*

19. After learning about its services, Plaintiff told Defendant that he was not interested and to stop calling him. *Id.*

20. Despite Plaintiff's explicit request, Defendant has continued to call his cellular phone up until approximately August 2016. *Id.*

21. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that he was not interested and to stop calling him. *Id.*

22. Some of Defendant's calls were placed just seconds apart from one another. *Id.*

23. For instance, on March 29, 2016 and March 30, 2016, Defendant called Plaintiff's cellular phone at least two times each day, with the calls coming in three and four seconds apart, respectively. *Id.*

24. Plaintiff has received not less than 8 calls from Defendant since asking it to stop calling.

25. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

26. Seeking to stop the calls from Defendant, Plaintiff has expended money purchasing and maintaining an application on his cellular phone to block its numbers. *Id.*

27. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

33. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The significant pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the frequency, nature and origin of Defendant's calls strongly suggests that an ATDS was used.

34. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff does not specifically recall giving Defendant initial

permission to contact him. However, even if he had, any consent that Plaintiff *may* have given was explicitly revoked by his instructions that he was not interested in its services and to discontinue the calls.

35. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff made numerous and repeated demands to Defendant to cease contacting him.

WHEREFORE, Plaintiff, RICHARD LEE GOOTEE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE
### INDIANA DECEPTIVE CONSUMER SALES ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff.

39. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

40. Defendant violated 815 ILCS 505/2 by engaging in abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified that Plaintiff had no interest in its services and to stop calling his cellular phone. However, Defendant ignored these prompts in an abusive attempt to coerce Plaintiff into utilizing and paying for Defendant's services.

41. Placing numerous calls after repeatedly being told to stop was abusive to Plaintiff. Not only did Defendant fail to cease its calls to Plaintiff's cellular phone, but it placed back-to-back calls on at least two occasions. Defendant placed at least two calls each on March 29, 2016 and March 30, 2016, with the calls coming in three and four seconds apart, respectively. Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

42. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The IDCSA further states:

6

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

44. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Plaintiff told Defendant to stop calling, however, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Upon information and belief, Defendant covertly obtains permission from unsuspecting consumers to contact them through disclaimers on various web-sites. Defendant then uses this consent to systematically solicit consumers for its services. Even after consumers convey a desire not to be contacted, Defendant continues to use an ATDS to deceptively and repeatedly causes their phones to ring.

45. Plaintiff made an attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. Instead of stopping, it has continued to call him using different phone numbers, and placing multiple calls per day. Incessantly calling his cellular phone using a variety of phone numbers is deceptive behavior that evidently could not be cured.

46. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis.

47. As pled in paragraphs 24 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, RICHARD LEE GOOTEE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016                        Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com